## JOHN ROBINSON v. THE STATE.

*No. 1223.    Decided November 13th, 1895.*

**Continuance—Evidence of Good Character—Diligence.**

On the trial of a case, where no request, or motion was made for a continuance in order to obtain evidence of his good character. Held: That as a general rule a new trial will not be granted for such purpose, and especially where no diligence has been shown to procure said testimony.

APPEAL from the District Court of Kaufman. Tried below before Hon. J. E. DILLARD.

Appellant was convicted of fraudulently converting a horse to his own use, his punishment being assessed at a term of five years in the penitentiary.

No exceptions having been reserved during the trial, and there being no statement of facts in the record, no further statement is necessary.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of fraudulently converting a horse to his own use, and given five years in the penitentiary. A statement of facts is not incorporated in the record, and no exceptions were reserved during the trial. Appellant moved for a new trial to obtain evidence as to his good character. It is a presumption of fact, that, a party is always prepared to prove his good character, and it requires an extraordinary case to afford ground for a continuance to obtain such testimony. The general rule is, that a continuance will not be granted to obtain evidence of character. There is nothing in this case tending in the least to except it from this rule. But the appellant should have used diligence to obtain testimony to his good character, and to obtain witnesses in regard to taking cocaine, alleged to have been taken by him; and, when called upon to announce, he should have moved a postponement or continuance of the cause. This was not done, as disclosed by the record. The judgment is affirmed.

*Affirmed.*